Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Tyler H.L. Tornabene
Dan Fruchter
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 2 1 2024

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

　　　　　Plaintiff,

　　v.

CHRISTOPHER LEE TERRY, and
ALLWEST FINANCIAL LLC,

　　　　　Defendants.

2:24-CR-27-TOR

INDICTMENT

Vio: 18 U.S.C. §§ 1349, 1343
Conspiracy to Commit Wire
Fraud (Count 1)

18 U.S.C. §§ 1349, 1344(1), (2)
Conspiracy to Commit Bank
Fraud (Count 2)

18 U.S.C. § 1343
Wire Fraud
(Counts 3- 10)

18 U.S.C. § 1344(1), (2)
Bank Fraud
(Count 11- 14)

18 U.S.C. § 981
28 U.S.C. § 2461
Forfeiture Allegations

The Grand Jury charges:

INDICTMENT – 1

GENERAL ALLEGATIONS

At all times relevant to the Indictment:

Overview of the Scheme and Conspiracy

1. Beginning on a date unknown but no later than on or about January 1, 2019, and continuing until at least on or about July 16, 2020, Defendant CHRISTOPHER LEE TERRY, and his company Defendant ALLWEST FINANCIAL LLC, together with conspirators both known and unknown to the grand jury, engaged in a scheme and conspiracy to defraud by falsely and fraudulently claiming ownership of hundreds of vehicles imported from Canada in order to obtain millions of dollars in advance financing to which Defendants were not entitled and which was used to enrich Defendant CHRISTOPHER LEE TERRY and his company Defendant ALLWEST FINANCIAL LLC.

2. Specifically, Defendants, and co-conspirators both known and unknown to the grand jury, would repeatedly falsely and fraudulently claim ownership of hundreds of vehicles that had been imported from Canada and which they were refurbishing for potential re-sale, typically at auction, or through other auto dealers, in the United States. Defendants used these false and fraudulent representations to qualify the imported vehicles as collateral for millions of dollars in advance loans from an auto financing company, which, relying on Defendants' false and fraudulent representations, believed that Defendant ALLWEST FINANCIAL LLC owned the vehicles and that the loans were secured by the vehicles and that the loans would be paid back once the vehicles were re-sold. However, because Defendants did not in fact own the vehicles, any proceeds from any re-sale of the vehicles were owed to the true owner, leaving the auto financing company with outstanding, unsecured, and uncollectible loans to the tune of millions of dollars.

INDICTMENT – 2

3.    In this manner, knowing that they were fraudulently obtaining financing for vehicles that they did not own, and with the intent to defraud, Defendants fraudulently enriched themselves with millions of dollars through hundreds of false and fraudulent representations made primarily over a period of at least six months, all using the interstate wires and defrauding one or more financial institutions, as defined by 18 U.S.C. § 20.

<u>Defendant and his Known and Unknown Co-Conspirators</u>

4.    At all times relevant to this Indictment, Defendant, CHRISTOPHER LEE TERRY, was residing in the Eastern District of Washington and acting as an auto wholesaler reselling used cars typically at auctions or through other auto dealers.

5.    On or about January 23, 2012, Defendant CHRISTOPHER LEE TERRY, formed his business, Defendant ALLWEST FINANCIAL LLC, and registered it with the Washington Secretary of State with its address and principal place of business in the Eastern District of Washington. At all times relevant to this Indictment Defendant CHRISTOPHER LEE TERRY, was the sole owner, operator, registered agent, and governor of Defendant ALLWEST FINANCIAL LLC.

6.    Defendant ALLWEST FINANCIAL LLC d/b/a Allwest Auto Remarketing was Defendant CHRISTOPHER LEE TERRY's auto wholesaling business through which he would purchase used vehicles, refurbish them, and resell them, typically at car auctions or through other auto dealers. In order to purchase used vehicles for resale, Defendants would often obtain financing via third-party loans, secured by the vehicles themselves, that would fund their purchase of the used vehicles in order to then resell them, typically at auction or through other auto dealers, and use the resulting proceeds to pay off the loan.

INDICTMENT – 3

Loans that were provided on a vehicle-by-vehicle basis required proof that Defendants were actually acquiring the vehicle and had the legal right to use the vehicle as collateral for the loan. These loans were sometimes referred to as advance financing or floor plan financing.

7. NextGear Capital Inc. ("NextGear") is an independent inventory finance company operating throughout North America including in the Eastern District of Washington. NextGear provides lines of credit to automotive dealers so that they can purchase new and used cars. In 2014 NextGear and Defendant ALLWEST FINANCIAL LLC entered into a floor plan financing agreement whereby Defendant ALLWEST FINANCIAL LLC, through Defendant CHRISTOPHER LEE TERRY, executed a Demand Promissory Note and Loan and Security Agreement (herein the "Note"). Under the terms of the Note, NextGear could make advances to Defendant ALLWEST FINANCIAL LLC to finance the purchase of a specific vehicle. Under the terms of the Note, in order to request and obtain advance financing from NextGear, Defendant ALLWEST FINANCIAL LLC was required to truthfully represent that it owned, or was in the process of purchasing, the vehicle for which it was seeking financing and which, therefore, Defendant ALLWEST FINANCIAL LLC could lawfully use as collateral to secure the advance financing from NextGear.

8. During times relevant to this Indictment, Defendant CHRISTOPHER LEE TERRY, employed an individual, known to the Grand Jury and referred to herein as Co-Conspirator #1, at Defendant ALLWEST FINANCIAL LLC. During times relevant to this Indictment, Defendant CHRISTOPHER LEE TERRY promoted Co-Conspirator #1 to general manager of Defendant ALLWEST FINANCIAL LLC. At all times relevant to this Indictment, Co-Conspirator #1

INDICTMENT – 4

reported directly to, and was trained and supervised by, Defendant CHRISTOPHER LEE TERRY

9. During times relevant to his Indictment, Defendant CHRISTOPHER LEE TERRY employed his brother, known to the Grand Jury and referred to herein as Co-Conspirator #2, at Defendant ALLWEST FINANCIAL LLC, including as a purchasing agent locating and facilitating the purchase of used cars in the United States and Canada for Defendant ALLWEST FINANCIAL LLC to acquire and sell, typically at auction or through other auto dealers.

10. On or about October 26, 2017, an individual with the initials M.D., formed Allwest Imports LLC (herein "AWI") together with Defendant CHRISTOPHER LEE TERRY and his brother, Co-Conspirator #2, as minority owners of AWI. AWI was operated by M.D. separately from Defendant ALLWEST FINANCIAL LLC including keeping separate accounting books, separate payroll, separate employees, and separate office locations.

11. At times relevant to this Indictment, AWI was a registered vehicle importer licensed by the National Highway Traffic Safety Administration. AWI described itself as a "registered import company that allows dealers, fleet owners, and individuals to save significant money by purchasing cars from Canada." In exchange for a fee, AWI coordinated the transportation of vehicles across the U.S.-Canadian border including handling all importation paperwork. Typically, AWI did not own the vehicles it imported. Once the vehicles arrived in the United States, AWI stored the vehicles on its lot in Airway Heights, Washington, for 30 days before the vehicles could be resold, as required by federal customs regulations.

12. Birchwood Automotive Group Partnership ("Birchwood") is a network of automotive retailers in Canada. At times relevant to this Indictment,

INDICTMENT – 5

Birchwood would sell used vehicles to Defendant ALLWEST FINANCIAL LLC. At times relevant to this Indictment, Birchwood would export used vehicles to the United States through AWI.

13. At times relevant to this Indictment, AWI did business with Defendants and other auto dealers by facilitating the importation of used cars Defendants intended to and did purchase from others, including Birchwood, for resale typically at auction or through other auto dealers. When AWI facilitated the import of a used car from Canada that Defendants, or other auto dealers, intended to purchase for resale, the auto dealers would commit to the purchase of the used car from the Canadian seller. With regard to Defendants, Defendant CHRISTOPHER LEE TERRY, or Co-Conspirator #2, would commit to the purchase of the used car by Defendant ALLWEST FINANCIAL LLC from the Canadian seller. Then, Defendants would obtain from the Canadian seller the paperwork necessary for Defendants to secure advance financing to purchase the vehicle, which included the Canadian Registration Form representing that the seller was the owner of the vehicle. Defendants would then utilize an Odometer Disclosure Statement, which was used as a purchase agreement document signed by or on behalf of Defendants as the buyers and signed, or purportedly signed, by or on behalf of the owner of the vehicle as the seller. Defendant CHRISTOPHER LEE TERRY or Co-Conspirator #1 would then electronically transmit, using the interstate wires, the Canadian Registration Form and the Odometer Disclosure Statement, signed by the buyer and signed or purportedly signed by the seller, to NextGear as proof that Defendants had ownership of the vehicle and were lawfully using it as collateral for advance financing from NextGear in a specified amount.

14. As part of this process, Defendants submitted the documents and information required by the Note for advance financing through the NextGear

INDICTMENT – 6

online portal. Specifically, Defendant CHRISTOPHER LEE TERRY, or Co-Conspirator #1 acting under the direction, encouragement, and facilitation of Defendant CHRISTOPHER LEE TERRY, would log into the NextGear online portal using a unique login credential and upload the necessary scanned documents, including the Odometer Disclosure Statements purporting to show the transfer of ownership of imported Canadian vehicles to Defendant ALLWEST FINANCIAL LLC. This information would be transmitted from the Eastern District of Washington to the NextGear servers located in Carmel, Indiana, and Atlanta, Georgia, using the interstate wires.

15. As part of this process, once the uploaded Odometer Disclosure Statements submitted to NextGear by Defendants reached NextGear in Carmel, Indiana, they were automatically uploaded into NextGear's Title Management System, for NextGear to review and determine if approval of the advance financing request was appropriate under the terms of the Note. Once NextGear approved the advance financing request, also known as the request to floor the car, NextGear would send the requested and approved advance financing to Defendant ALLWEST FINANCIAL LLC by Automated Clearing House (ACH) electronic fund transfer using the interstate wires from NextGear's Wells Fargo bank account, account number ending xxx4061 located in Indiana and Georgia ("NextGear's bank account No. xxx4061") to Defendant ALLWEST FINANCIAL LLC's bank account, Numerica Credit Union bank account, account number ending xxx8269, located in the Eastern District of Washington ("ALLWEST bank account No. xxx8269"). Both Numerica Credit Union and Wells Fargo are federally-insured financial institutions.

INDICTMENT – 7

## Count 1

16. The allegations in paragraphs 1 through 15 of this Indictment are incorporated as though realleged herein. Further, the allegations in all other counts in the Indictment are re-alleged and re-incorporated into this Count as if fully set forth herein.

17. Beginning on a date unknown to the Grand Jury, but no later than on or about January 1, 2019, and continuing until at least on or about July 16, 2020, in the Eastern District of Washington and elsewhere, Defendants CHRISTOPHER LEE TERRY and ALLWEST FINANCIAL LLC, and other persons both known and unknown to the Grand Jury, did knowingly combine, conspire, and agree to commit wire fraud, referred to herein as the Scheme and Conspiracy, to wit, knowingly devised a scheme and artifice to defraud NextGear, Birchwood, and other entities and individuals both known and unknown to the Grand Jury, and to fraudulently obtain advance financing to which Defendants, and their known and unknown co-conspirators, were not entitled, by means of materially false and fraudulent statements, representations, and promises, concerning the ownership of used vehicles imported from Canada which Defendants, and their known and unknown co-conspirators, falsely and fraudulently represented as collateral to falsely and fraudulently obtain advance financing from NextGear, using signals and sounds transmitted by wire communication in interstate commerce to execute and attempt to execute the scheme and artifice to defraud, all in violation of 18 U.S.C. §§ 1343, 1349.

18. As part of the Scheme and Conspiracy, Defendants, and their known and unknown co-conspirators, transmitted and caused to be transmitted, by means of wire communication in interstate commerce, writings, signals, and sounds, to and from the Eastern District of Washington, as further described herein.

INDICTMENT – 8

<u>Ways, Manners, and Means of the Scheme and Conspiracy</u>

19.  It was part of the Scheme and Conspiracy for Defendant CHRISTOPHER LEE TERRY to submit to NextGear false and fraudulent Odometer Disclosure Statements and to direct, encourage, and facilitate Co-Conspirator #1 to submit to NextGear false and fraudulent Odometer Disclosure Statements, which falsely and fraudulently represented that the true owners of used vehicles imported from Canada had signed the Odometer Disclosure Statements purportedly transferring ownership to Defendant ALLWEST FINANCIAL LLC, when in fact, as Defendants knew, no such transfer had occurred and Defendants did not own the vehicles but instead had merely imported and had physical possession of them for purposes of resale.

20.  It was further part of the Scheme and Conspiracy that Defendant CHRISTOPHER LEE TERRY, and Co-Conspirator #1 acting under the direction, encouragement, and facilitation of Defendant CHRISTOPHER LEE TERRY, would transmit the false and fraudulent Odometer Disclosure Statements purportedly transferring ownership to Defendant ALLWEST FINANCIAL LLC, to NextGear as proof that Defendant ALLWEST FINANCIAL LLC had the legal right and ability as the owner of the vehicles to use the vehicles as collateral to secure advance financing from NextGear in a specific amount requested by CHRISTOPHER LEE TERRY, and by Co-Conspirator #1 acting under the direction, encouragement, and facilitation of Defendant CHRISTOPHER LEE TERRY

21.  It was further part of the Scheme and Conspiracy that NextGear would rely on the false and fraudulent Odometer Disclosure Statements purporting to transfer ownership of the vehicles to Defendant ALLWEST FINANCIAL LLC to transfer advance financing, through the interstate wires, into bank accounts of

INDICTMENT – 9

Defendant ALLWEST FINANCIAL LLC controlled by Defendant CHRISTOPHER LEE TERRY

22. It was further part of the Scheme and Conspiracy that Defendant CHRISTOPHER LEE TERRY, and Co-Conspirator #1 acting under the direction, encouragement, and facilitation of Defendant CHRISTOPHER LEE TERRY, would resell vehicles imported from Canada, including those owned by Birchwood, on which Defendants had fraudulently obtained advance financing from NextGear and which Defendants did not actually own, and that Defendants would retain both the fraudulently-obtained proceeds from the resale and the fraudulently-obtained advance financing.

23. It was further part of the Scheme and Conspiracy that Defendant CHRISTOPHER LEE TERRY would cause the fraudulently-obtained advance financing from NextGear and the fraudulently-obtained proceeds from the resale of used vehicles that were actually owned by others, including Birchwood, to be transferred, using the interstate wires, to, among other bank accounts, Defendant CHRISTOPHER LEE TERRY's own personal bank accounts and more than $15,000 towards Defendant CHRISTOPHER LEE TERRY's personal loan on his 2015 Malibu Wakesetter watercraft.

24. Through the Scheme and Conspiracy, Defendants CHRISTOPHER LEE TERRY and ALLWEST FINANCIAL LLC falsely and fraudulently obtained millions in advance financing to which they were not entitled, for vehicles that they did not own, and which NextGear and the other victims would not have extended if they had known the truth, causing NextGear and other victims, including Birchwood, more than $5,000,000 in losses when Defendants were unable to repay the loans that they had fraudulently obtained.

All in violation of 18 U.S.C. §§ 1349, 1343.

Count 2

25. The allegations in paragraphs 1 through 24 of this Indictment are incorporated as though realleged herein. Further, the allegations in all other counts in the Indictment are re-alleged and re-incorporated into this Count as if fully set forth herein.

26. Beginning on a date unknown to the Grand Jury, but no later than on or about January 1, 2019, and continuing until at least on or about July 16, 2020, in the Eastern District of Washington and elsewhere, Defendants CHRISTOPHER LEE TERRY and ALLWEST FINANCIAL LLC, and other persons both known and unknown to the Grand Jury, did knowingly combine, conspire, and agree to commit bank fraud, referred to herein as the Scheme and Conspiracy, to wit, knowingly, and with intent to defraud, execute, and attempt to execute, and cause the execution of, a scheme and artifice to defraud one or more financial institutions, as defined by 18 U.S.C. § 20, which scheme and artifice employed material falsehoods, and did knowingly, and with intent to defraud, execute, and attempt to execute, and cause the execution of, a scheme and artifice to obtain moneys, funds, credits, assets, or other property owned by, and under the custody and control of one or more said financial institutions by means of false and fraudulent pretenses, representations, and promises.

27. As part of the Scheme and Conspiracy, Defendants, and their known and unknown co-conspirators, engaged in the Ways, Manner, and Means, of the Scheme and Conspiracy alleged herein and thereby cause the execution of, a scheme and artifice to obtain moneys, funds, credits, assets, or other property owned by, and under the custody and control of, Wells Fargo and Numerica Credit Union, both financial institutions as defined by 18 U.S.C. § 20.

All in violation of 18 U.S.C. §§ 1349, 1344(1), (2).

INDICTMENT – 11

## Counts 3-10

28. The allegations in paragraphs 1 through 27 of this Indictment are incorporated as though realleged herein. Further, the allegations in all other counts in the Indictment are re-alleged and re-incorporated into this Count as if fully set forth herein.

29. On or about each of the dates set forth below, in the Eastern District of Washington and elsewhere, Defendants CHRISTOPHER LEE TERRY and ALLWEST FINANCIAL LLC, for the purpose of executing the Scheme and Conspiracy described above, transmitted and caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date | Description |
| --- | --- | --- |
| 3 | February 4, 2020 | Transmission, through the NextGear online portal using the interstate wires from the Eastern District of Washington to Carmel, Indiana, of the false and fraudulent Odometer Disclosure Statement for a 2016 Ford F-150 Supercab VIN 1FTEX1E8XGKE87101 purportedly transferred from Birchwood to Defendant ALLWEST FINANCIAL LLC and priced at $16,500. |
| 4 | February 4, 2020 | ACH Transfer of $276,200, which included the advance financing amount of $16,500 for a 2016 Ford F-150 Supercab VIN 1FTEX1E8XGKE87101, from NextGear's bank account No. xxx4061 to the ALLWEST bank account No. xxx8269, located in the Eastern District of Washington, using the interstate wires. |

INDICTMENT – 12

| 5 | February 12, 2020 | Transmission, through the NextGear online portal using the interstate wires from the Eastern District of Washington to Carmel, Indiana, of the false and fraudulent Odometer Disclosure Statement for a 2019 Ford F-150 VIN 1FTEW1EP4KFC33735 purportedly transferred from Birchwood to Defendant ALLWEST FINANCIAL LLC and priced at $28,200. |
|---|---|---|
| 6 | February 12, 2020 | ACH Transfer of $131,000, which included the advance financing amount of $28,200 for a 2019 Ford F-150 VIN 1FTEW1EP4KFC33735, from NextGear's bank account No. xxx4061 to the ALLWEST bank account No. xxx8269, located in the Eastern District of Washington, using the interstate wires. |
| 7 | March 12, 2020 | Transmission, through the NextGear online portal using the interstate wires from the Eastern District of Washington to Carmel, Indiana, of the false and fraudulent Odometer Disclosure Statement for a 2019 Ford F-150 SuperCrew Cab VIN 1FTEW1E52KFB51291 purportedly transferred from Birchwood to Defendant ALLWEST FINANCIAL LLC and priced at $28,000. |
| 8 | March 12, 2020 | ACH Transfer of $410,400, which included the advance financing amount of $28,000 for a 2019 Ford F-150 SuperCrew Cab VIN 1FTEW1E52KFB51291, from NextGear's bank account No. xxx4061 to the ALLWEST bank account No. xxx8269, located in the Eastern District of Washington, using the interstate wires. |
| 9 | May 13, 2020 | Transmission, through the NextGear online portal using the interstate wires from the Eastern District of Washington to Atlanta, Georgia, of the false and fraudulent Odometer Disclosure Statement for a 2016 Ford F-250 VIN 1FTBF2B66GEC63434 purportedly transferred from Birchwood to Defendant ALLWEST FINANCIAL LLC and priced at $23,000. |

INDICTMENT – 13

| 10 | May 13, 2020 | ACH Transfer of $251,740, which included the advance financing amount of $15,740 for a 2016 Ford F-250 VIN 1FTBF2B66GEC63434, from NextGear's bank account No. xxx4061 to the ALLWEST bank account No. xxx8269, located in the Eastern District of Washington, using the interstate wires. |

All in violation of 18 U.S.C. § 1343.

## Counts 11-14

30. The allegations in paragraphs 1 through 29 of this Indictment are incorporated as though realleged herein. Further, the allegations in all other counts in the Indictment are re-alleged and re-incorporated into this Count as if fully set forth herein.

31. On or about the dates below, Defendants CHRISTOPHER LEE TERRY and ALLWEST FINANCIAL LLC, in the Eastern District of Washington and elsewhere, did knowingly, and with intent to defraud, execute, and attempt to execute, and cause the execution of, a scheme and artifice to defraud one or more financial institutions, as defined by 18 U.S.C. § 20, which scheme and artifice employed material falsehoods, and did knowingly, and with intent to defraud, execute, and attempt to execute, and cause the execution of, a scheme and artifice to obtain moneys, funds, credits, assets, or other property owned by, and under the custody and control of one or more said financial institutions by means of false and fraudulent pretenses, representations, and promises, as detailed below for each count, each execution of the scheme and artifice constituting a separate count:

| Count | Date | Description |
|---|---|---|
| 11 | February 4, 2020 | ACH Transfer of $276,200, which included the advance financing amount of $16,500, based on Defendants' false and fraudulent Odometer Disclosure Statement for a 2016 Ford F-150 Supercab VIN 1FTEX1E8XGKE87101, from NextGear's Wells Fargo bank account No. xxx4061 to the |

INDICTMENT – 14

| | | |
|---|---|---|
| | | ALLWEST bank account No. xxx8269, located in the Eastern District of Washington. |
| 12 | February 12, 2020 | ACH Transfer of $131,000, which included the advance financing amount of $28,200, based on Defendants' false and fraudulent Odometer Disclosure Statement for a 2019 Ford F-150 VIN 1FTEW1EP4KFC33735, from NextGear's Wells Fargo bank account No. xxx4061 to the ALLWEST bank account No. xxx8269, located in the Eastern District of Washington. |
| 13 | March 12, 2020 | ACH Transfer of $410,400, which included the advance financing amount of $28,000, based on Defendants' false and fraudulent Odometer Disclosure Statement for a 2019 Ford F-150 SuperCrew Cab VIN 1FTEW1E52KFB51291, from NextGear's Wells Fargo bank account No. xxx4061, to the ALLWEST bank account No. xxx8269, located in the Eastern District of Washington. |
| 14 | May 13, 2020 | ACH Transfer of $251,740, which included the advance financing amount of $15,740, based on Defendants' false and fraudulent Odometer Disclosure Statement for a 2016 Ford F-250 VIN 1FTBF2B66GEC63434, from NextGear's Wells Fargo bank account No. xxx4061 to the ALLWEST bank account No. xxx8269, located in the Eastern District of Washington. |

All in violation of 18 U.S.C. § 1344(1) and (2).

## NOTICE OF FORFEITURE ALLEGATIONS

The allegations set forth in this Indictment are hereby realleged and incorporated herein by this reference for the purpose of alleging forfeitures.

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of an offense in violation of 18 U.S.C. §§ 1343 as alleged in this Indictment, Defendants shall forfeit to the United States any property, real or

INDICTMENT – 15

Case 2:24-cr-00027-TOR    ECF No. 1    filed 02/21/24    PageID.16    Page 16 of 17

personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

MONEY JUDGMENT

A sum of money in United States currency, representing the amount of proceeds obtained by Defendants from the wire fraud violations.

If any of the property described above, as the result of any act or omission of Defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Pursuant to 18 U.S.C. § 982(a)(2)(A), upon conviction of an offense(s) in violation of 18 U.S.C. § 1344, Bank Fraud, as set forth in this Indictment, Defendants, CHRISTOPHER LEE TERRY, and ALLWEST FINANCIAL LLC, shall forfeit to the United States of America, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s). The property to be forfeited includes, but is not limited to:

MONEY JUDGMENT

A sum of money in United States currency representing the amount of proceeds obtained by Defendants as a result of the bank fraud violations.

INDICTMENT – 16

If any of the property described above, as a result of any act or omission of the Defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c). All pursuant to 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c).

DATED this 21 day of February, 2024.

A TRUE BILL

*Vanessa Waldref*
Vanessa R. Waldref
United States Attorney

*[signature]*
Tyler H.L. Tornabene
Assistant United States Attorney

*[signature]*
Dan Fruchter
Assistant United States Attorney

INDICTMENT – 17